1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL FIORITO,                          No.  2:23-cv-0758 WBS AC P

12                      Petitioner,

13          v.                                 FINDINGS AND RECOMMENDATIONS

14   BREWER,

15                      Respondent.

16

17          Petitioner, a federal prisoner, filed an application for a writ of habeas corpus pursuant to

18   28 U.S.C. § 2241.  Currently before the court is respondent's motion to dismiss the petition.  ECF

19   No. 10.

20   I.     Background

21          In May 2009, petitioner was convicted by a jury in the District of Minnesota of one count

22   of conspiracy to commit mail fraud and six counts of mail fraud.  ECF No. 10 at 2; ECF No. 10-1

23   at 66 (Docket entry for United States v. Fiorito, No. 07-cr-0212 PJS JSM (D. Minn), ECF 277).[1]

24   In April 2010, petitioner was sentenced to a total term of 270 months in prison.  ECF No. 10 at 1;

25   ECF No. 10-1 at 77 (Docket entry for ECF No. 436).  As of January 27, 2024, the Bureau of

26   Prisons (BOP) calculated that petitioner had earned a total of 705 First Step Act (FSA) time

27   _____

28   [1]  The court has confirmed that the docket accurately reflects the contents of the documents cited
     by this court.

                                                  1

1    credits, with 340 applied to prerelease custody and 365 applied to early transfer to supervised

2    release, the maximum possible credits that could be applied toward an early transfer to supervised

3    release.  ECF No. 10-1 at 8.  As of January 23, 2024, petitioner was scheduled to be transferred to

4    a Residential Reentry Center (RRC) on February 6, 2024 (ECF No. 10-1 at 2), and the file reflects

5    that on April 30, 2024, petitioner's address of record was updated based on a filing in another

6    case and indicated he was in a reentry program.  Petitioner was housed at the Federal Correctional

7    Institution-Herlong (FCI-Herlong) at the time he filed the instant petition.  ECF No. 1.

8        II.    Petition

9        Petitioner asserts that as of the filing of his petition he had earned 760 FSA credits and

10   that his FSA credits were improperly calculated by the BOP.  ECF No. 1 at 10-14.  First,

11   petitioner asserts that the BOP did not allow him to earn FSA time credits while he was in transit

12   during several periods of his incarceration.  Id. at 10-11.  Next, petitioner asserts that he was

13   improperly classified as "medium" risk level, denying him the higher rate for earning time credits

14   he would have received were he properly classified.  Id. at 11.  Finally, he was denied credits

15   when he was improperly coded as "FRP refused," which also resulted in lost credits.  Id.

16   Petitioner asserts that as a result of the improper calculation of his credits, his transfer to

17   prerelease custody will be delayed.  Id. at 12.  He requests that his credits be recalculated to

18   properly reflect that he has 760 FSA credits and he be immediately released to prerelease custody.

19   Id. at 13-14.

20       III.   First Step Act

21       The First Step Act of 2018[2] (FSA) was created and implemented by Congress to further

22   criminal justice reform and was enacted on December 21, 2018.  The time credit awarded under

23   the FSA shall be applied to prerelease custody or supervised release.  18 U.S.C. § 3632(d)(4)(C).

24   Application of FSA credits toward early supervised release cannot exceed twelve months.  18

25   U.S.C. § 3624(g)(3).

26   ////

27

28   [2]  First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

IV.    Motion to Dismiss

      A.  Respondent's Motion

Respondent moves to dismiss the petition on the grounds that petitioner's FSA time credits have been properly calculated and the petition is moot because petitioner has already been released to prerelease custody.  ECF No. 10 at 2

      B.  Petitioner's Opposition

Petitioner argues that his release to a residential reentry center does not render the case moot because the court must decide whether an inmate can earn FSA credits while in transit and if he ever gets sent back to prison his FSA time credits would impact his release date.  ECF No. 16 at 1-2.  He also reiterates his arguments regarding the miscalculation of his credits.  Id. at 2-3.

      C.  Discussion

"Article III of the Constitution limits the 'judicial power' of the United States to the resolution of 'cases' and 'controversies.'"  Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 471 (1982).  "[I]f in the course of litigation a court finds that it can no longer provide . . . any effectual relief, the case generally is moot."  Uzuegbunam v. Preczewski, 592 U.S. 279, 282 (2021).

"Claims raised in habeas petitions that are fully resolved by release or transfer . . . generally will be considered moot upon the petitioner's release or transfer."  Aniyeloye v. Birkholz, No. 2:23-cv-1610 DMG MAA, 2023 WL 8114915, at *2, 2023 U.S. Dist. LEXIS 210406, at *3-4 (C.D. Cal. Sep. 29, 2023) (collecting cases), adopted by 2024 WL 968849, 2024 U.S. Dist. LEXIS 39577 (Mar. 6, 2024).  In this case, petitioner has been credited the maximum 356 days toward early supervised release, leaving the remainder of his FSA time credits to be applied to prerelease custody.  Since petitioner has been transferred to prerelease custody, his claim for habeas relief has been mooted as there is no additional relief this court could grant.  Petitioner is already in prerelease custody and has been credited the maximum amount of credits toward early supervised release.  No further relief can be granted.  See Peneuta v. Ricolcol, No. 2:23-cv-6361 PA JC, 2024 WL 2884218, at *5, 2024 U.S. Dist. LEXIS 103081, at *13 (C.D. Cal. May 21, 2024) (petition moot where petitioner sought application of FSA credits and immediate

1  release from custody) (collecting cases), adopted by 2024 WL 2882548, 2024 U.S. Dist. LEXIS

2  101798 (June 6, 2024).

3      Petitioner's request for a recalculation for his FSA credits because it *might* affect the

4  length of any *future* custody is too speculative to support a claim for relief.  See Reimers v.

5  Oregon, 863 F.2d 630, 632 & n. 4 (9th Cir. 1988) (plaintiff who had been released from prison

6  had no reasonable expectation of return because such return would occur only if the plaintiff

7  committed additional criminal acts); City and County of San Francisco v. Garland, 42 F.4th 1078,

8  1087 (9th Cir. 2022) ("[S]peculative contingencies afford no basis for [a court] passing' on now-

9  moot questions." (alteration in original) (quoting Hall v. Beals, 396 U.S. 45, 49 (1969))).

10     V.    Conclusion

11     As set forth above, because petitioner has been transferred to prerelease custody and had

12  the maximum FSA credits applied toward early supervised release, the petition is moot.

13     Accordingly, IT IS RECOMMENDED that the motion to dismiss be GRANTED and the

14  petition be DISMISSED and moot.

15     These findings and recommendations are submitted to the United States District Judge

16  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

17  after being served with these findings and recommendations, any party may file written

18  objections with the court.  Such a document should be captioned "Objections to Magistrate

19  Judge's Findings and Recommendations."  Any response to the objections shall be filed and

20  served within fourteen days after service of the objections.  The parties are advised that failure to

21  file objections within the specified time may waive the right to appeal the District Court's order.

22  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23  DATED: March 19, 2025

24

25  ALLISON CLAIRE
    UNITED STATES MAGISTRATE JUDGE

26

27

28

4